Opinion of the Court, by
Judge Owsley.
THIS is an action for the trover and conversion of a slave, brought by Haskins against Cotton, in the Woodford circuit court. On the trial of the cause, Haskins produced Edward Ball as a witness, to prove that William Meadows, who had procured a bill of sale for said slave from him, Haskins, and sold the same to Cotton, had made declarations previous to his selling the slave to Cotton, tending to prove the bill of sale fraudulent. Cotton objected to the evidence unless it were proved *152 that he had knowledge of such fraudulent circumstances prior to his purchase. The objection of Cotton was overruled by the court and the evidence admitted. Haskins also produced Robert Perry as a witness, who, after having given his evidence, from which it appeared he purchased the slave from Cotton and carried him down the river, was objected to by Cotton, as incompetent, on the score of interest. Haskins then produced and proved a release, releasing the interest of Perry, and the court overruled the objections and admitted the evidence. A verdict and judgment were obtained against Cotton, to reverse which he has appealed.
That the court decided correctly in overruling the objection to the evidence of Ball, we have no doubt. Haskins certainly had a right to introduce his evidence, in the order he might deem most convenient and advisable. If evidence of the confession of Meadows, whilst he was the owner of the slave, was admissible, to prove the fraudulent procurement of the bill of sale, Haskins had unquestionably a right to produce it in the order he might think best. The admissibility or competency of the evidence could not depend on Cotton’s knowledge of the fraud. Proof of Cotton’s knowledge might be necessary to authorise a recovery against him; but surely Haskins could not be compelled to prove that knowledge, before he should be permitted to prove the fraud. We are also of opinion the court decided correctly in overruling the objection to the competency of Perry’s evidence. Without deciding whether the evidence of a witness can be excluded on the ground of interest after he has been examined and cross examined in chief, we can discover no sufficient reason for rejecting the evidence of Perry. He appears to have purchased the negro from Cotton, and consequently, was thereby vested with all Cotton’s right and interest. If, therefore, Haskins could not succeed against Cotton, it is evident he could not against Perry. The evidence of Perry, which was objected to, seems designed to prove a knowledge by Cotton, of the fraud in Meadows in procuring the bill of sale. How Perry can be considered interested to establish that fact, we are at a loss to discover. He might be considered interested in proving the want of notice; for if Meadows had no notice, Perry could protect himself under Meadows; but surely it could not avail Perry any thing to *153 prove the person under whom he purchased, had notice of the fraud. We are of opinion, therefore, that it was unnecessary for Perry to be released before his evidence could be used, and that the court decided properly in overruling the objections to his competency.
Note.—Vide, in the case of Eastburn vs. Stephens, page 82 ante, an exception to this rule, and perhaps other exceptions may exist. In its application to this particular case, the position is unquestionably correct; and as a general rule, can have but few exceptions.
Judgment affirmed.